IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH S. VIGILANT, II,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-458-NJR |
| | ) | |
| | ) | |
| **SERGEANT SPILLER, OFFICER ROELANDT, OFFICER MARTIN, and OFFICER YOUNGMAN,** | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Joseph S. Vigilant, II, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center. In his Complaint (Doc. 1), Vigilant alleges defendants used excessive force against him in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Vigilant makes the following allegations in the Complaint (Doc. 1): On December 21, 2020, Spiller, Roelandt, Martin, and Youngman called a false "Code B" medical code on Vigilant (Doc. 1, p. 11). A "Code B" means that an inmate is unresponsive (*Id*.). They then attacked Vigilant by punching, choking, and kicking him in the face, stomach, and chest (*Id*.). Due to the injuries, Vigilant required an emergency medical furlough at Pinckneyville Community Hospital.

Upon his return to the prison, on December 21, 2020, and December 22, 2020, Defendants refused to feed Vigilant dinner and then physically abused him again by spraying "OC MK9 Spray" into his mouth (*Id*. at p. 11). Vigilant suffered a broken nose, four stitches to his lower chin, cracked teeth, and continued migraines and pain as a result of the attacks (*Id*. at p. 12).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count:

**Count 1:** Eighth Amendment excessive force claim against Spiller, Roelandt, Martin, and Youngman for the attacks on December 21 and 22, 2020.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Vigilant sets forth a viable excessive force claim against Defendants in Count 1. *See DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

## Disposition

For the reasons stated above, Count 1 shall proceed against Spiller, Roelandt, Martin, and Youngman.

The Clerk of Court shall prepare for Defendants Spiller, Roelandt, Martin, and Youngman: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Vigilant. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Vigilant, the employer shall furnish the Clerk with the defendant's current work address, or, if not

---

[1] This includes any claims for deliberate indifference, staff retaliation, cruel and unusual punishment, due process, and intentional infliction of emotional distress. These claims are merely mentioned in the introduction of Vigilant's Complaint, but he includes no facts establishing these claims in his statement of claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Vigilant, and the judgment includes the payment of costs under Section 1915, Vigilant will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Vigilant is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: December 3, 2021

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
Chief U.S. District Judge

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**